# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CLARENCE S. HARRISON JR. | ) | |
| Plaintiff, | ) | **C.A. No. K17C-08-038 NEP** |
| v. | ) | **In and For Kent County** |
| | ) | |
| CITY OR TOWN OF SMYRNA | ) | |
| and OFFICER K. FOX, | ) | |
| Defendants. | ) | |

## ORDER

Submitted: November 15, 2017
Decided: November 16, 2017

Before the Court is Officer K. Fox's and the Town of Smyrna's (hereinafter "Defendants" collectively) motion to dismiss the complaint of Mr. Clarence Harrison. The Court heard oral argument on the motion on November 15, 2017.[1]

Defendants argue that Mr. Harrison's complaint must be dismissed because it fails to state a claim on which relief may be granted, and because Defendants are immune from suit pursuant to the Delaware Tort Claims Act.[2] Mr. Harrison's amended complaint reads, in full, as follows:

> Illegal stop. Groping my persons. Illegal search of my vehicle. Theft by deception. Profiling discrimnatory [sic] actions. In clear violation of 1977 human rights act. Threatening to do physial [sic] harm. Continuing to call me a terrorist. The Plaintiff will be seeking punitive and pensatory [sic] damages. Also property damage Rachel Ruysch In Full Bloom (Dutch 1664 – 1750) my painting valued at 1.5 million.

---

[1] Plaintiff had previously requested oral argument on Defendants' motion. The Court notes that the parties' statements at the oral argument did not add significantly to their positions as set forth in their written submissions.

[2] 10 *Del. C.* § 4011.

Upon review of a motion to dismiss, all well-pleaded allegations in the complaint are accepted as true.[3] However, the Court will not "accept conclusory allegations unsupported by specific facts."[4] "[A]t a minimum, the pleading must be adequate so the Court may conduct a meaningful consideration of the merits of [the plaintiff's] claims."[5] A complaint that is "merely a recitation of conclusory charges totally lacking in specificity . . . [is] properly dismissed under Superior Court Civil Rule 12(b)(6)."[6] Cognizant of the difficulties faced by *pro se* Plaintiffs, this Court holds a *pro se* Plaintiff's complaint to a less demanding standard of review.[7] However, "there is no different set of rules for *pro se* plaintiffs,"[8] and the Court's leniency cannot go so far as to affect the substantive rights of the parties.[9]

Here, upon review of the complaint, the Court can form no idea of what Mr. Harrison alleges to have happened, where or when it occurred, or who was involved other than the plaintiff. The complaint lacks any specificity whatsoever and contains only vague, conclusory allegations, and a puzzling assertion of $1.5 million dollars of damage to a painting by a prominent Dutch Golden Age painter, Rachel Ruysch.

A similar case was decided by this Court in *Johnson v. Taylor*.[10] In Johnson, the complaint consisted of a one-half page list of various vague and conclusory phrases such as "[h]arassment, prejudice, bias, and personalizing," "[a]rbitrarily

---

[3] *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978); Del. Super. Ct. Civ. R. 12(b)(6).

[4] *Price v. E.I. DuPont de Nemours & Co.*, 26 A.3d 162, 166 (Del. 2011)

[5] *Alston v. Dipasquale*, 2002 WL 77116, at *2 (Del. Super. Jan. 4, 2002) (dismissing a *pro se* plaintiff's complaint for failure to state a claim).

[6] *Browne v. Robb*, 583 A.2d 949, 953 (Del. 1990). *See also Tsipouras v. Szambelak*, 2012 WL 1414096 at *2 (Del. Super. Apr. 5, 2012) (dismissing a *pro se* complaint where complaint consisted of "a laundry list of conclusory allegations amounting to, so far as the Court can tell, nothing.").

[7] *Anderson v. Tingle*, 2011 WL 3654531 at *2 (Del. Super. Aug. 15, 2011)

[8] *Draper v. Med. Ctr. of Del.*, 767 A.2d 796, 799 (Del. 2001).

[9] *Anderson*, 2011 WL 3654531 at *2.

[10] 2007 WL 2083634 (Del. Super. July 19, 2007).

treated unfairly," and "[l]oss of personal property." The Court found that the complaint contained "absolutely no substance for the Court to conduct any . . . 'meaningful consideration.'"[11] The *Johnson* court concluded that in light of the complaint's serious deficiencies, dismissal was merited.[12]

The complaint here similarly contains insufficient information to permit analysis by this Court. Therefore, dismissal is appropriate. Mr. Harrison is free to refile and provide allegations of specific conduct by particular persons and how this entitles him to relief.

While Defendants' motion to dismiss also raises the defense of sovereign immunity, the Court need not, and indeed cannot, address the issue. Absent adequate factual allegations, it is impossible to determine whether such a defense would be applicable to this case.

WHEREFORE, the motion to dismiss is GRANTED, and Mr. Harrison's complaint is dismissed without prejudice.

**IT IS SO ORDERED.**

__/s/ Noel Eason Primos_____
JUDGE

NEP/wjs
*Via File & ServeXpress and U.S. Mail*
oc:  Prothonotary
cc:  Clarence S. Harrison, Jr.

---

[11] *Id.* at *1.
[12] *Id.*